**JIN TUAN CHEN, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Respondent.

No. 04–6508–ag.

United States Court of Appeals,
Second Circuit.

Nov. 6, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas, Paul D. Macaluso, Assistant United States Attorney, Dallas, Texas, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Jin Tuan Chen, a native and citizen of China, has filed a petition for review of a November 19, 2004, order of the BIA denying his motion to reopen. *In re Jin Tuan Chen,* No. A77 589 390 (B.I.A. Nov. 19, 2004). In a previous decision, the BIA affirmed a decision by Immigration Judge ("IJ") Theresa Holmes–Simmons, denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Tuan Chen,* No. A77 589 390 (B.I.A. Oct. 23, 2002), *aff'g* No. A77 589 390 (Immig. Ct. N.Y. City July 12, 2000). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

93 (2d Cir.2001) (internal citations omitted).

The regulations state that individuals must file a motion to reopen within 90 days of the final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and there is no dispute that Chen's motion was filed out of time. However, the time requirement may be equitably tolled for motions based on ineffective assistance of counsel in certain circumstances. *See, e.g., Iavorski v. INS,* 232 F.3d 124, 129–34 (2d Cir.2000); *Ali v. Gonzales,* 448 F.3d 515, 517–18 (2d Cir.2006). The filing deadline will be tolled only until the movant discovers, or should have discovered the ineffective assistance. *See Cekic v. INS,* 435 F.3d 167, 171 (2d Cir. 2006). In addition, the applicant must prove that he exercised due diligence in filing the motion. *Id.* at 170 (internal citations omitted).

In this case, there is no reason to believe that Chen did not become aware of the ineffective assistance at the time he learned of the denial of his appeal. He stated in his affidavit that his former attorney notified Chen of the denial of his appeal when Chen called the attorney in September 2003. He specifically stated that the attorney told him his appeal had been dismissed in October 2002. At that time, Chen should have at least been aware of his attorney's ineffective assistance. Accordingly, the BIA did not err in requiring Chen to demonstrate due diligence from the time he learned of the decision to when he filed his motion to reopen with the BIA.

Chen did not offer sufficient evidence that he exercised due diligence during the period he seeks to toll. He explained that he was having difficulty finding an attorney in North Carolina, but he did not provide any specific information as to when he began looking for an attorney. He also did not explain when he found an attorney to assist him with his case. Without this information, a reviewing board would be unable to determine what Chen was doing between October 2003, when he learned of the BIA's denial, and September 2004, when he filed his motion to reopen. As a result, the BIA did not abuse its discretion in denying Chen's motion to reopen for failing to demonstrate due diligence.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).